**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 11-cv-01963-CMA

MICHELE YOUNG and
CHRISTOPHER J. YOUNG,

      Plaintiffs,

v.

WACHOVIA MORTGAGE COMPANY,
WELLS FARGO HOME MORTGAGE,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, and
JOHN DOES I and II and DOES 3-10,

      Defendants.

_____

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
_____

This matter is before the Court on Defendants Wachovia Mortgage Company,

Wells Fargo Home Mortgage, and Mortgage Electronic Registration Systems'

(collectively, "Defendants") Motion to Dismiss.  (Doc. # 19.)  Plaintiffs Michele and

Christopher Young (collectively, "Plaintiffs") have brought this action in order to prevent

foreclosure proceedings that have yet to occur and may never occur.  (Doc. # 2.)  For

the following reasons, the Court grants Defendants' motion and dismisses this case.

## I. BACKGROUND

Plaintiffs are the owners of a residence located at 4100 Bryant Street, Denver,

Colorado 80211-1736.  (Doc. # 2 at ¶ 10.)  On or about December 20, 2007, Plaintiffs

allege that they executed a Promissory Note ("the Note") in favor of Wachovia Mortgage

Company ("Wachovia"), secured by a deed of trust on their home.  (*Id.* at ¶¶ 11, 16.)

Sometime thereafter, Wachovia allegedly transferred the Note to an unknown third party

via an unrecorded transaction.  (*Id.* at ¶¶ 15, 27.)   Although Plaintiffs claim that the identity of the current Note Holder is unknown, Plaintiffs acknowledge that Wells Fargo Home Mortgages ("Wells Fargo") "purports to be the current servicer of the Note."  (*Id.* at ¶ 22.)

Beginning sometime in 2010, Plaintiffs "began experiencing economic difficulty to the extent that they knew they would have difficulty making payments in 2010."  (*Id.* at ¶ 72.)  Plaintiffs unsuccessfully attempted to refinance their mortgage with Wells Fargo. (*Id.*)  Plaintiffs admit that they were late on their mortgage payments at the end of March 2011, and allegedly "began receiving phone calls from Wells Fargo asking if they needed assistance."  (*Id.* at ¶ 75.)  Wells Fargo sent Plaintiffs a packet of information on their options, including information on the Home Affordable Modification Program ("HAMP"), short sales, and foreclosures.  (*Id.*)  Plaintiffs did not apply for a loan modification under HAMP.  (*Id.* at ¶ 82.)  Plaintiffs allege that they are current in their mortgage payments, yet still receive notices and calls demanding payment from Wells Fargo.  (*Id.* at ¶ 81.)  Notably, Plaintiffs do not allege that foreclosure proceedings have commenced.

On August 24, 2011, Defendants filed the instant Motion to Dismiss.  (Doc. # 19.) Plaintiffs responded on September 14, 2011, and Defendants replied on September 30, 2011.  (Doc. ## 22, 26.)

## II.  <u>STANDARDS OF REVIEW</u>

## A.   MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate when the Court lacks subject matter jurisdiction over the claims asserted in the complaint.  "The burden of establishing subject matter jurisdiction is on the party

asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189

(10th Cir. 2008).  Rule 12(b)(1) challenges are generally presented in one of two forms:

"The moving party may (1) facially attack the complaint's allegations as to the existence

of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by

presenting evidence to challenge the factual basis upon which subject matter

jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074

(10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)).

## B.   MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to

dismiss a claim for relief in any pleading for "failure to state a claim upon which relief

can be granted."  A claim will survive a Rule 12(b)(6) motion to dismiss only if the

complaint "contains 'enough facts to state a claim to relief that is plausible on its face.'"

*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "The plausibility standard is not

akin to a probability requirement, but it asks for more than a sheer possibility that a

defendant has acted unlawfully."  *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949

(2009) (citation and internal quotation marks omitted); *see also Robbins v. Okla.,* 519

F.3d 1242, 1247 (10th Cir. 2008) ("The allegations must be enough that, if assumed to

be true, the plaintiff plausibly (not just speculatively) has a claim for relief.").

In reviewing a Rule 12(b)(6) motion to dismiss, a court "must accept all the well-

pleaded allegations of the complaint as true and must construe them in the light most

favorable to the plaintiff."  *Young v. Davis,* 554 F.3d 1254, 1256 (10th Cir. 2009)

(quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)).  However,

the court is "not bound to accept as true a legal conclusion couched as a factual

allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  Also, "a complaint does not suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 557).  Furthermore, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation and internal quotation marks omitted).

## III. ANALYSIS

In this action, Plaintiffs bring three causes of action: a declaratory judgment claim and a quiet title claim against all Defendants, and a breach of covenant of good faith and fair dealing against Defendant Wells Fargo only.  (Doc. # 2 at ¶¶ 93-124.)  In their motion to dismiss, Defendants contend that Plaintiffs lack standing to assert their claims for declaratory judgment and quiet title because Plaintiffs have not suffered an injury-in-fact.  Defendants also argue that Plaintiffs' claim for breach of good faith and fair dealings should be dismissed for failure to state a claim upon which relief may be granted.  For the following reasons, the Court finds that Defendants' motion should be granted and this case dismissed.

## A.   DECLARATORY JUDGMENT AND QUIET TITLE CLAIMS

Article III courts are limited to deciding only "cases" and "controversies."  U.S. Const. art. III, § 2.  "Two components of the cases or controversy requirement are standing and ripeness." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009).  These justiciability doctrines "ensure that federal courts address only concrete disputes between parties with present, adverse interests." *Harshbarger v.*

*Stevens*, No. 10-cv-01297, 2011 WL 684611, at *3 (D. Colo. Feb. 17, 2011)
(unpublished).

In this case, Defendants assert that Plaintiffs lack standing to bring these two
claims because Plaintiffs "fail to allege a concrete and imminent injury." (Doc. # 19 at
4.) The Court agrees. Additionally, the Court finds that these claims are not ripe for
adjudication.[1]

To establish standing, a plaintiff must establish three elements: "injury in fact,
traceability, and redressability." *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 892 (10th
Cir. 2011). The injury in fact prong requires a plaintiff to demonstrate that it suffered "an
invasion of a legally protected interest which is (a) concrete and particularized, and (b)
actual or imminent, not conjectural or hypothetical." *Hydro Res., Inc. v. EPA*, 608 F.3d
1131, 1144 (10th Cir. 2010) (en banc).

"A claim is not ripe for adjudication if it rests upon contingent future events that
may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*,
523 U.S. 296, 300 (1998) (citation and internal quotation marks omitted). Although
standing and ripeness are distinct concepts, the two doctrines are often intertwined
because, "if the contingent events do not occur, the plaintiff will likely not have suffered
an injury that is concrete and particularized enough to establish the first element of
standing." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009).

In their Complaint, Plaintiffs allege that "[t]he Defendants will attempt to foreclose
on the Subject Property via a non-judicial foreclosure sale." (Doc. # 2 at ¶ 95.)
Plaintiffs do not allege that any foreclosure proceedings have been initiated, nor do they

---

[1] Although Defendants did not challenge the ripeness of Plaintiffs' claims, ripeness is an
issue that bears on this Court's subject matter jurisdiction and must be examined *sua sponte*.
*Keyes v. Sch. Dist. No. 1, Denver, Colo.*, 119 F.3d 1437, 1444 (10th Cir. 1997).

allege any facts showing that foreclosure proceedings are imminent.  Instead, Plaintiffs

rely on their speculative belief that Defendants may initiate foreclosure proceedings.[2]

Although it is possible that Defendants may, at some point, commence

foreclosure proceedings against Plaintiffs, Defendants have not yet done so and there is

no allegation showing that foreclosure proceedings are imminent.  As such, Plaintiffs

lack standing because they have failed to allege an "actual or imminent" injury.  *See*

*Hydro Res.*, 608 F.3d at 1144.  Furthermore, Plaintiffs' claims are not ripe because they

"rest[] upon contingent future events that may not occur as anticipated . . . ."  *Texas*,

523 U.S. at 300; *see also Boersma v. M & I Marshall & Ilsley Bank*, No. CV10-2221,

2010 WL 5056247, at *1 (D. Ariz. Dec. 6, 2010) (unpublished) (dismissing plaintiff's

claims as unripe where the injury was the potential loss of his home through

foreclosure); *Nino v. JPMorgan Chase N.A.*, No. SA-11-CV-0564, 2011 WL 5040454, at

*2 (W.D. Tex. Oct. 24, 2011) (unpublished) (finding that claims based on plaintiffs

anticipation of foreclosure were not ripe for adjudication).

In their response, Plaintiffs assert that they have alleged an existing, justiciable

controversy by virtue of the fact that they styled their first claim as a declaratory

judgment action.[3]  (Doc. # 20 at 17.)  However, an action for declaratory relief, like any

other action, must still satisfy the case or controversy requirement.[4]  *See MedImmune,*

---

[2] It is unclear to this Court why Plaintiffs anticipate foreclosure, given their allegation that they have paid all their mortgage payments.  (Doc. # 2 at ¶ 81.)

[3] Plaintiffs appear to ignore Defendants' argument that Plaintiffs lack standing to bring a quiet title claim.  To bring a quiet title action, Plaintiffs must allege that Defendants claim an interest in the property that is adverse to Plaintiffs' interest in the property.  *See Smith v. Argent Mortg. Co., LLC.*, 447 F. Supp. 2d 1194, 1197 (D. Colo. 2006).  Because Defendants have not initiated any foreclosure proceedings, they have not yet claimed an interest in the property adverse to Plaintiffs'.  *See Boersma*, 2010 WL 5056247, at *1 (dismissing plaintiff's quiet title claim as unripe where plaintiff anticipated foreclosure but no foreclosure proceedings had been initiated).

[4] The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal

*Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) ("[T]he phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III."). In the declaratory judgment context, the question "is whether the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). As explained above, Plaintiffs' allegations are insufficient to show that there exists a substantial controversy of sufficient immediacy and reality because Defendants have not initiated foreclosure proceedings nor have Plaintiffs shown that any such proceedings are imminent.

In essence, Plaintiffs are requesting that the Court determine the legal rights of the parties so that Defendants will be precluded from initiating foreclosure proceedings, in the event that Defendants attempt to do so. This is a request for an advisory opinion, which the Court is not empowered to give. *See Flast v. Cohen*, 392 U.S. 83, 96 (1968) ("[T]he implicit policies embodied in Article III . . . impose the rule against advisory opinions on federal courts."). Because Plaintiffs lack standing to bring these claims and the claims are not ripe for adjudication, the Court must dismiss them without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("a jurisdictional defect calls for a dismissal without prejudice.").

**B.      BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM**

Plaintiffs' third cause of action alleges that Wells Fargo breached an implied covenant of good faith and fair dealing. Plaintiffs allege that Wells Fargo breached the covenant by: (1) "[m]aking representations and material misrepresentations . . .

relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

concerning the status of [Plaintiffs'] Note and [Plaintiffs] ability to modify the terms of their Note through the HAMP application; (2) "[f]ailing to present evidence . . . regarding the unidentified and/or misrepresented current foreclosor's authority"; (3) "[f]ailing to provide proof that it was (or is) the true holder of the Note or that it was the authorized agent . . . for purposes of foreclosing the note; and (4) [f]ailing to provide information concerning the status of the HAMP application and status of [Plaintiffs'] account when asked and by failing to accept payment when tendered.  (Doc. #2 at ¶ 122.)

The covenant of good faith and fair dealing, which is present in every contractual relationship, is meant to "to effectuate the intentions of the parties or to honor their reasonable expectations."  *City of Golden v. Parker*, 138 P.3d 285, 292 (Colo. 2006). (quoting *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995)).  However, the covenant of good faith and fair dealing "cannot be construed to establish new and independent rights or duties not agreed upon by the parties."  *Knudsen v. Countrywide Home Loans, Inc.*, No. 2:11-CV-429, 2011 WL 3236000, at *3 (D. Utah July 26, 2011) (unpublished).  Thus, the duty of good faith and fair dealing may be relied upon "only when one party has discretionary authority to perform certain contract terms, including discretionary acts, in good faith."  *O'Reilly v. Physicians Mut. Ins. Co.*, 992 P.2d 644, 646 (Colo. App. 1999); *see also Parker*, 138 P.3d at 292 ("The duty of good faith and fair dealing may be relied upon when the manner of performance under a specific contract term allows for discretion on the part of either party") (internal quotations omitted).  Here, Plaintiffs' breach of good faith and fair dealing claim "seeks to impose new duties upon Defendants and grant Plaintiff[s] new rights relating to the modification of the loan's original terms."[5]  *Knudsen*, 2011 WL 3236000, at *6.

---

[5] The Court notes that Plaintiffs' allegations are virtually identical to the ones made in *Knudsen*.

In their Complaint, Plaintiffs fail to identify any discretionary terms in the Note or the Deed of Trust.  (*See* Doc. # 2.)  In their Response, Plaintiffs merely restate the allegations made in the Complaint without pointing to any discretionary terms in a contract that would support their claim.  (Doc. # 20 at 13.)  Accordingly, Plaintiffs' claim for breach of the covenant of good faith and fair dealing against Wells Fargo fails as a matter of law and should be dismissed.

## IV.  CONCLUSION

Accordingly, IT IS ORDERED THAT:

(1)   Plaintiffs' claims for declaratory judgment and quiet title against Defendants are DISMISSED for lack of subject matter jurisdiction.

(2)   Plaintiffs' claim for breach of covenant of good faith and fair dealing against Defendant Wells Fargo is DISMISSED for failure to state a claim upon which relief may be granted.

DATED:  December 30, 2011

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge